# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS, | Cause No. CV 24-151-BLG-BMM |
| Petitioner, | **ORDER** |
| vs. | |
| ASSISTANT WARDEN BOULWARE, WARDEN LEPE, | |
| Respondents. | |

Petitioner Alexandre Zdenek Davis ("Davis"), a federal prisoner proceeding pro se, filed a handwritten petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 1.)  Davis explains that he has not been able to access the Court's standard form.  (*Id*. at 1.)

The District Court Judge Dana L. Christensen sentenced Davis in his criminal matter, *USA v. Davis*, Cause No. CR 22-106-BLG-DLC, on February 27, 2024.  Davis was committed to the Bureau of Prisons for 51-months, followed by a 3-year period of supervised release.  *See USA v. Davis*, Cause No. CR 22-106-BLG-DLC, Judg. (D. Mont. Feb. 27, 2024.)  Davis filed a notice of appeal, as well as various post-judgment motions.  On June 3, 2024, the District Court entered an order advising Davis that no further motions would be docketed in his criminal

case until the appeal was resolved.  *USA v. Davis*, Cause No. CR 22-106-BLG-DLC, Or. (D. Mont. June 3, 2024.)   Davis's appeal, in which he is represented by counsel, remains pending.

Davis is currently incarcerated at FCI Florence in Florence, Colorado.  In his present filing, Davis alleges he is eligible for immediate release based upon the following items: the time he has served, his good conduct, the First Step Act, and the Second Chance Act. *See*, (Doc. 1 at 2-3.)  Davis explains that he has not been able to exhaust his administrative remedies because FCI Florence staff has not responded to his inmate request forms.  Davis alleges he is being held illegally and that his constitutional rights have been violated by FCI Florence staff.  (*Id*. at 1, 3-4.)

Relative to his conditions of confinement, Davis claims he is being denied access to the law library, the toilets in his unit have been turned off, his contacts contained in the TruLinks computer system were deleted upon his arrival, he has been assaulted by other inmates, and he has been denied adequate medical care.  (*Id*.)

Under 28 U.S.C. § 2241, a district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. A petition challenging the manner, location, or conditions of a sentence's execution is brought under § 2241 in the custodial court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Jurisdiction over a § 2241 petition lies in the district of the prisoner's

confinement. *Hernandez*, 204 F. 3d at 864.  To the extent that Davis may intend to seek habeas relief, this Court lacks jurisdiction over a § 2241 petition. Davis is incarcerated in Florence, Colorado. Should Davis wish to proceed in habeas, he should refile a § 2241 petition in the District of Colorado.

Additionally, it appears that several of Davis's claims do not lie at the core of habeas.  *See Pinson v. Carvajal*, 69 F. 4th 1059, 1062, 1074-75 (9th Cir. 2023) (rejecting plaintiffs' arguments that § 2241 was the proper avenue for relief because there were other available remedies, and the claims were outside the historic core of habeas corpus.)  As set forth above, Davis does not appear to challenge the legality of his underlying conviction.  Instead, like the prisoners in *Pinson*, Davis is seeking this Court's intervention and/or release based on belief that his continued confinement at FCI Sheridan is unconstitutional.  Accordingly, Davis must raise his challenges to the conditions of confinement in a federal civil rights action.  *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging an unlawful conviction or sentence; civil rights action proper method for challenging conditions of confinement); *see also Crawford v. Bell*, 599 F. 2d 890, 891-92, & n. 1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in a civil rights complaint).

Davis is advised that should he elect to file a federal civil rights action under

3

42 U.S.C. § 1983, venue is not proper in this district as the events giving rise to Davis's claims occurred in Colorado, which is outside the District of Montana.  *See* 28 U.S.C. § 1391(b).  This matter will be dismissed.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

This Court lacks jurisdiction over Davis's § 2241 petition.  Similarly, the District of Montana is not the proper venue in which Davis could challenge the conditions of his confinement, should he wish to pursue a civil rights action. Thus, reasonable jurists would find no reason to encourage additional proceedings at this time.  A certificate of appealability will be denied.

Accordingly, the Court enters the following:

## ORDER

1.  Davis's Section 2241 petition (Doc. 1) is DISMISSED without prejudice.

2.  Clerk of Court is directed to close this matter and enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 17th day of October, 2024.

_____
Brian Morris, Chief District Judge
United States District Court